

# In The United States Court of Federal Claims

No. 14-44C

**This Opinion Will Not Be Published in the U.S. Court of Federal Claims Reporter Because It Does Not Add Significantly to the Body of Law.**

(Filed: May 19, 2014)

**FILED**

MAY **1 9** 2014

**U.S. COURT OF FEDERAL CLAIMS**

COREY LEA, *pro se*,

        Plaintiff,

    v.

THE UNITED STATES,

        Defendant.

---

**OPINION and ORDER**

---

      Corea Lea, an African-American farmer in Kentucky, brings suit against the United States for fraud, breach of contract, tortious interference, and other related claims. Defendant has moved to dismiss this complaint under RCFC 12(b)(1) and 12(b)(6). For the reasons that follow, the court hereby **GRANTS** defendant's motion.

## I.    BACKGROUND

      A brief recitation of the facts provides necessary context.[1]

      The United States Department of Agriculture (USDA) Farm Service Agency guarantees loans issued by approved banking institutions to allow farmers to acquire funds to own and operate farm property. Plaintiff, Corey Lea (acting as Corey Lea, Inc.), obtained a

---

    [1] These facts are primarily drawn from plaintiff's complaint and, for the purpose of this motion, are assumed to be correct. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 589 (2007). Additional procedural details are drawn from the dockets of plaintiff's district court cases.

loan from Farmers National Bank to acquire and operate farm property located in Warren, Kentucky. Mr. Lea's loan was guaranteed by the Farm Service Agency (FSA). Pursuant to the loan guarantee program, the FSA has a second mortgage on Mr. Lea's real property and Farmers National Bank holds a first mortgage.

In December 2007, Mr. Lea requested a loan subordination from the USDA after he secured a loan with Independence Bank to refinance his outstanding loans and to fund the cost of building a new house on the property. On February 28, 2008, the USDA denied this request because the USDA appraisal valued Mr. Lea's property at $18,035 less than the proposed total debt. Following the denial, Mr. Lea filed a complaint with the USDA alleging that the denial of the loan resulted from Mr. Lea's status as an African-American farmer.

On February 10, 2009, Farmers National Bank initiated foreclosure proceedings on the loan guaranteed by the FSA because Mr. Lea had failed to make payments on the loan for five months. Farmers National Bank was granted a Judgment and Order of Sale on October 5, 2009, as to Mr. Lea's farm property.

In seeking to forestall the foreclosure, Mr. Lea initiated multiple lawsuits in the United States District Court for the Western District of Kentucky. In these suits, Mr. Lea alleged that the foreclosure of his farm should be enjoined and that he was entitled to recover damages for the alleged discrimination by the USDA. Mr. Lea's claims have been rejected by the district court on multiple occasions. *See Lea v. United States Dep't of Agric.*, No. 10-cv-00029-JHM (W.D. Ky.), Mem. Op. & Order, Jan. 19, 2011 (granting defendants' motion to dismiss); *Lea v. United States Dep't of Agric.*, No. 12-cv-00052-JHM (W.D. Ky.), Order, July 11, 2013 (granting defendants' motions to dismiss*); Lea v. United States Dep't of Agric.*, No. 13-CV-00110-JHM (W.D. Ky.), Order, March 7, 2014 (granting defendants' motion to dismiss).

Mr. Lea filed his complaint in this court on January 17, 2014. In his complaint, Mr. Lea seeks "debt relief from the United States on the subject property" and asks that the court grant him an immediate injunction barring any action to sell or otherwise encumber his foreclosed property and award him compensatory and punitive damages. In general, Mr. Lea appears to allege that the USDA and Farmers National Bank: (i) committed fraud and breaches of contract related to Farmers National Bank's foreclosure of his property; (ii) conspired to commit the allegedly illegal act; and (iii) tortiously interfered with Mr. Lea's plans to set up and operate a bio diesel plant on the property. On March 18, 2014, defendant filed a motion to dismiss plaintiff's complaint under RCFC 12(b)(1) and 12(b)(6). Briefing on that motion has been completed. Oral argument is deemed unnecessary.

## II.   DISCUSSION

Deciding a motion to dismiss "starts with the complaint, which must be well-pleaded in that it must state the necessary elements of the plaintiff's claim, independent of any defense that may be interposed." *Holley v. United States*, 124 F.3d 1462, 1465 (Fed. Cir. 1997) (citations omitted); *see also Twombly*, 550 U.S. at 554–55. In particular, the plaintiff must establish that

2

the court has subject-matter jurisdiction over its claims. *See Trusted Integration, Inc. v. United States*, 659 F.3d 1159, 1163 (Fed. Cir. 2011); *Reynolds v. Army & Air Force Exch. Serv.*, 846 F.2d 746, 748 (Fed. Cir. 1988).

To survive a motion to dismiss for failure to state a claim under RCFC 12(b)(6), the complaint must have sufficient "facial plausibility" to "allow[ ] the court to draw the reasonable inference that the defendant is liable." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *see also Klamath Tribe Claims Comm. v. United States*, 97 Fed. Cl. 203, 208 (2011), *aff'd*, 2013 WL 4494383 (Fed. Cir. Aug. 23, 2013). The plaintiff's factual allegations must "raise a right to relief above the speculative level" and cross "the line from conceivable to plausible." *Twombly*, 550 U.S. at 555, 570; *see also Dobyns v. United States*, 91 Fed. Cl. 412, 422–28 (2010) (examining this pleading standard). Nevertheless, the Federal Circuit has reiterated that "[i]n ruling on a 12(b)(6) motion to dismiss, the court must accept as true the complaint's undisputed factual allegations and should construe them in a light most favorable to the plaintiff." *Cambridge v. United States*, 558 F.3d 1331, 1335 (Fed. Cir. 2009); *see also Bank of Guam v. United States*, 578 F.3d 1318, 1326 (Fed. Cir. 2009), *cert. denied*, 130 S. Ct. 3468 (2010); *Petro–Hunt, LLC v. United States*, 90 Fed. Cl. 51, 68 (2009).

This court recognizes that plaintiff is acting *pro se*, and thus it will hold the form of plaintiff's submissions to a less stringent standard than those drafted by an attorney. *See Reed v. United States*, 23 Cl. Ct. 517, 521 (1991) (citing *Estelle v. Gamble*, 429 U.S. 97, 106-07 (1976)); *see also Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). Having reviewed plaintiff's complaint, defendant's motion, and the briefing on that motion, this court, however, is certain that it lacks jurisdiction to consider most of the claims that plaintiff raises and that any claims that arguably remain must be dismissed under RCFC 12(b)(6).

This court possesses jurisdiction to hear claims against the United States. 28 U.S.C. § 1491(a)(1). It does not have jurisdiction over suits against individual federal officials, including officials of the USDA, the FSA and the Department of Justice. *See Brown v. United States*, 105 F.3d 621, 624 (Fed. Cir. 1997). Nor does this court have jurisdiction over suits against private parties, such as the Farmers National Bank or its employees. *See Gharb v. United States*, 112 Fed. Cl. 94, 96 (2013); *Moore v. Pub. Defenders Office*, 76 Fed. Cl. 617, 620 (2007); *Ambase Corp. v. United States*, 61 Fed. Cl. 794, 796 (2004). And, it is likewise well-settled that this court lacks jurisdiction over tort claims of the sort that Mr. Lea has alleged in his complaint. *See Keene v. United States*, 508 U.S. 200, 214 (1993); *Rick's Mushroom Serv., Inc. v. United States*, 521 F.3d 1338, 1343 (Fed. Cir. 2008); *Alves v. United States*, 133 F.3d 1454, 1459 (Fed. Cir. 1998); *Brickey v. United States*, 2014 WL 1775329, at *7 (Fed. Cl. May 2, 2014). Nor does the court have jurisdiction to provide equitable relief except in narrowly defined circumstances not present here. *See Massie v. United States*, 226 F.3d 1318, 1321 (Fed. Cir. 2000); *Kanemoto v. Reno*, 41 F.3d 641, 644-45 (Fed. Cir. 1994); *360 Training.com, Inc. v. United States*, 106 Fed. Cl. 177, 185 (2012); 28 U.S.C. §1491(b).

The court does have jurisdiction to consider claims based upon "any express or implied contract with the United States." 28 U.S.C. § 1491(a)(1); *Stovall v. United States*, 71 Fed. Cl.

696, 698 (2006). To invoke that jurisdiction, "a plaintiff must plead factual allegations that support a facially 'plausible' claim to relief." *Cambridge*, 558 F.3d at 1335 (citing *Twombly*, 550 U.S. at 570). Plaintiff alleges that an express contract underlies his claim, which is sufficient to confer subject matter jurisdiction. *See Gould, Inc. v. United States*, 67 F.3d 925, 929 (Fed. Cir. 1995); *Spruill v. Merit Sys. Prot. Bd.*, 978 F. 2d 679, 686 (Fed. Cir. 1992).

    In a contract case, this means alleging the elements of contract formation, *to wit*, "a mutual intent to contract including an offer, an acceptance, and consideration," as well as a showing that "the Government representative . . . had actual authority to bind the United States." *Trauma Serv. Grp. v. United States*, 104 F.3d 1321, 1325 (Fed. Cir. 1997); *see also United Pac. Ins. Co. v. Roche*, 401 F.3d 1362, 1366 (Fed. Cir. 2005); *Lublin Corp. v. United States*, 106 Fed. Cl. 669, 673 (2012). While plaintiff's failure to allege these specific elements is not necessarily defeating, it remains that the only contract alleged to be at issue here is the loan guarantee agreement between Farmers National Bank and the FSA. Mr. Lea, however, was not a party to this agreement. *See Schuerman v. United States*, 30 Fed. Cl. 420, 426-27 (1994). And plaintiff's complaint is utterly silent as to when any other contract with the United States came into existence here. Nor can the United States be contractually bound merely by plaintiff's invocation of the statutes and regulations under which the FSA functioned. *See Baker v. United States*, 50 Fed. Cl. 483, 489 (2001); *see also Merrick v. United States*, 846 F.2d 725, 726 (Fed. Cir. 1988).

    Nor does it appear that Mr. Lea may argue that he is somehow a third-party beneficiary to the loan guarantee agreement. To be sure, in some instances, a third-party beneficiary may bring a claim in this court. *See Robo Wash, Inc. v. United States*, 223 Ct. Cl. 693, 697-98 (1980); *Hebah v. United States*, 428 F.2d 1334, 1339 (Ct. Cl. 1970). The decisional law, however, suggests that such a claim may be enforced only where a contract reflects the intention among the parties to give the claimant a direct right to compensation against the United States. *See Maher v. United States*, 314 F.3d 600, 604-05 (Fed. Cir. 2002); *Glass v. United States*, 258 F.3d 1349, 1354 (Fed. Cir. 2001); *Carter v. United States*, 98 Fed. Cl. 6322, 637 (2011); *Schuerman*, 30 Fed. Cl. at 428; *Blaze Constr., Inc. v. United States*, 27 Fed. Cl. 646, 652 (1993); *see also Baker*, 50 Fed. Cl. at 489 n.3. And there is no such indication here or any other evidence suggesting that Mr. Lea was the intended third-party beneficiary of the guarantee contract at issue. To the contrary, the regulations governing the loan guarantee program make clear that "[a] decision made by the lender adverse to the borrower is not a decision by the Agency, whether or not concurred in by the Agency, and may not be appealed." 7 C.F.R. § 762.104(a).

The court need go no further.  Based on the foregoing analysis, the court hereby **GRANTS** defendant's motion to dismiss this case under RCFC 12(b)(1) and 12(b)(6).  The Clerk is hereby ordered to dismiss the complaint.  No costs.[2]

     **IT IS SO ORDERED.**

Francis M. Allegra
Judge

---

[2] Given the result here, the court need not discuss whether plaintiff's case should be dismissed on an alternative ground, *to wit*, that 28 U.S.C. § 1500 prohibits this court from exercising any jurisdiction over this matter.